**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| JAMES GORDON,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN & MORGAN, P.A. and MORGAN & MORGAN, JACKSONVILLE, PLLC,<br><br>Defendants. | CASE NO. 3:25-cv-00203 |

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 5/8/2025. Viktoryia Johnson, Esq. and Rachel Rodriguez, Esq. attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 6/16/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 6/16/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>    Plaintiff<br>    Defendant<br>    Rebuttal | 12/15/2025<br>1/30/2026<br>2/13/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 2/27/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | n/a |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 4/7/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Travis Hollifield<br>Hollifield Mediation Centre<br>427 S New York Ave #201-C<br>Winter Park, FL 32789<br>Phone: (407) 599-9590 | 3/13/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 8/20/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 8/27/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 9/3/2026 |
| Month and year of the trial term. | 10/1/2026 |

The trial will last approximately 2-3 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

Plaintiff alleges that Plaintiff was subjected to disability and religious discrimination leading to termination, including that his disability and/or religious beliefs were not accommodated. Defendant Morgan & Morgan, P.A. denies that it is a proper defendant in this action, and has filed a motion to dismiss Morgan & Morgan, P.A. from this case based on asserted absence of an employment relationship between Plaintiff and Morgan & Morgan, P.A. Defendant Morgan & Morgan, Jacksonville, PLLC denies liability and denies that Plaintiff was subjected to discrimination. Rather, Defendant Morgan & Morgan, Jacksonville, PLLC asserts it made all decisions concerning Plaintiff's employment for legitimate, non-discriminatory reasons, including Plaintiff's failure to follow company policy regarding attendance/schedule adherence.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐  The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒  The parties do not consent.

7. **Preliminary Pretrial Conference**

☒  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐  The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒  Yes.
☐  No; instead, the parties agree to these changes: n/a.

B.  Discovery may be needed on these subjects: Plaintiff's employment and performance at, and separation from Defendant; Plaintiff's mitigation efforts, if any; Plaintiff's alleged religious beliefs and sincerity of the same; medical discovery concerning Plaintiff's alleged medical condition(s) and emotional damages, subject to any agreed-upon protective order to be entered by the parties if deemed necessary; third-party discovery, including to Plaintiff's subsequent employers and medical providers; relevant employment policies, including concerning Covid-19 vaccination, anti-discrimination, time-keeping, and personnel scheduling; and Plaintiff's

       request(s) for accommodation and processing thereof. In addition, discovery will be needed on Defendant's defenses in this case. The parties may need discovery on additional subjects, TBD.

  C.  Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

  D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒ No.
      ☐ Yes; describe the issue(s).

  E.  ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

  F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

      ☐ No.
      ☒ Yes; The parties agree to the limitations governing discovery as permitted by the Federal and Local Rules except as follows: Discovery requests will be served via e-mail in .pdf (and Microsoft Word, if requested) format. Service of an original or by hand delivery is not required. Responses to discovery will be served via e-mail in .pdf format. Documents responsive to a Request to Produce will be: a. Printed (unless the nature of the document prevents adequate conversion to paper) and served by U.S. Mail (or other reliable delivery service); OR b. Served via e-mail or large file transfer system in .pdf format (unless the nature of the document prevents adequate conversion to .pdf format.) All parties provide consent that e-mail is an acceptable method of serving litigation papers regarding discovery and all other matters pursuant to Fed. R. Civ. P. 5(b)(2)(E). Documents, including any electronic discovery, will be produced in .pdf format or by printing the electronic documents. Electronic discovery need not be produced in its native format unless the authenticity of a particular document becomes an issue. The parties further stipulate to a 2-business day waiting period for the service of

subpoenas duces tecum, unless a party provides prompt notice to the other party of objection to the subpoena.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Rachel L.T. Rodriguez*
Rachel L.T. Rodriguez, Esq.
Florida Bar No.: 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
rrodriguez@vireslaw.group
Office: 561-370-7383
*Counsel for Plaintiff*

May 28, 2025

*/s/ Viktoryia Johnson*
Luis A. Santos
LEAD COUNSEL
Florida Bar Number 84647
lsantos@fordharrison.com
Viktoryia Johnson
Florida Bar No. 125545
vjohnson@fordharrison.com
401 East Jackson Street, Suite 2500
Tampa, FL 33602-5133
Telephone: (813) 261-7800
Facsimile: (813) 261-7899
*Counsel for Defendant*

May 28, 2025

WSACTIVELLP:114205922.5 - 5/28/2025 3:15 PM