UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JAMES GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:25-CV-00203 |
| ) | |
| MORGAN & MORGAN, P.A., and ) | |
| MORGAN & MORGAN ) | |
| JACKSONVILLE PLLC ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT MORGAN & MORGAN, P.A.'S MOTION TO DISMISS**

    Before this Court is an unusual circumstance in which a law firm which itself litigates in plaintiff protection against unlawful employer conduct under federal and state law is now engaged in that same violative behavior against one of its employees. Defendant Morgan & Morgan, P.A. (M&M) asserts in its motion not only that Plaintiff has not pleaded allegations to demonstrate it is his "employer" under the law, but further that he *cannot sufficiently allege* that M&M was his employer, and on that basis, under FRCP 12(b)(6), Plaintiff's claims against M&M should be dismissed. M&M's motion should be denied because it is M&M who has declared to Plaintiff throughout his employment at the Jacksonville office that it is his employer with full authority over the terms of his employment, and its improper characterization of the

1

motion does not preclude Plaintiff from providing that documentation to challenge its motion.  Furthermore, Plaintiff has alleged facts in his Complaint sufficient to assert that M&M is his employer and properly brought under the jurisdiction of this Court.

## BACKGROUND FACTS

On February 27, 2025, Plaintiff filed a Complaint alleging employment discrimination based on his termination from Defendants' Jacksonville, Florida office and the circumstances leading up to termination in violation of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as the Florida Civil Rights Act of 1992 ("FCRA").  Plaintiff's claims arise out of the conduct of his employer law firm in the period between 2021 and 2022 pertaining to Covid-19-related employee policies.  Compl. at ¶¶ 19-51, 55-59.  That conduct includes conflicting policies and discipline based upon policies prior to Plaintiff's being given notice (e.g., Compl. ¶¶ 19-20, 23-24, 28(k)-(n), 29-31, 42-46, 48-50); refusal to consider his religious or medical accommodation requests (e.g., Compl. ¶¶ 21-26, 29-37, 39-40, 42-43); continuous and verbally discriminatory and aggressive firm-wide statements pertaining to Covid-19 employment policies by Defendant M&M's principal John Morgan, Esq. (e.g., Compl. ¶¶ 23-24, 27-28, 30-32); Plaintiff's direct supervisors' additional discriminatory and hostile statements regarding his religious beliefs pertaining to Covid-19 employment policies (e.g., Compl. ¶¶ 38-39, 44, 49-51, 55-59); and unlawful termination due to discrimination (e.g., Compl. ¶¶ 56-60).

Plaintiff asserts in his Complaint Defendant M&M's direct role in creating and enforcing employee policies, particularly those policies which led to his unlawful termination and were the basis for discrimination against him. Compl. ¶¶ 2-3, 12 (John Morgan authorized a special employee bonus to Plaintiff exclusively), ¶¶ 23-24 (John Morgan announces change in employee virtual options and offers all employees to contact him personally to obtain Covid-19 vaccine), ¶¶ 27-32 (John Morgan for the Firm dictated the Covid-19 vaccine policy that 100% of employees would obtain injections or be terminated), ¶ 31 ftnt 1 (John Morgan personally fired, in writing, Plaintiff's co-worker at the Jacksonville office based on the Covid-19 vaccine policy, despite her medical accommodation request), ¶¶ 66-67 (Plaintiff's written demand to John Morgan resulted the following day in preparation of defenses against Plaintiff's claims at Jacksonville office).

In addition to the foregoing expressly alleged facts, the "termination paperwork" and "Release" presented to Plaintiff on May 16, 2022 referenced in paragraph 59 of his Complaint is the "Separation Agreement & General Release" drafted by Defendants without right of revision by Plaintiff that provides proposed terms of his removal from the Firm, including severance pay. This document is attached hereto under Declaration by Plaintiff. **Exhibit A**, at ¶¶ 2-3, Attachment. That document, in the opening paragraph thereof, states expressly: "James Gordon (hereafter "Employee") and Morgan & Morgan, Jacksonville, PLLC, Morgan & Morgan Jacksonville Management, Inc., **and Morgan & Morgan, P.A., and all other**

**Morgan & Morgan law firm entities (hereafter "Employer")**, hereby agree as follows…." *Id.* at ¶ 4, Attachments (emphasis added). Plaintiff also references in paragraphs 52-54 of his Complaint an issue with paid time off (PTO) due to his return to the law firm after a short break in employment. This matter, while not exhaustively detailed in the Complaint, also necessitated the involvement of M&M principal John Morgan to enforce the firm's obligations as employer directly to Plaintiff for restoring his PTO.[1] **Exhibit A**, at ¶¶ 5-6 and Attachment.

On May 5, 2025, Defendant Morgan & Morgan P.A. filed this Motion to Dismiss alleging that Plaintiff failed adequately to plead and *could not sufficiently allege* that M&M was his employer under any legal theory, and it should therefore be dismissed as a party.

## STANDARD OF REVIEW

Under Fed. R. Civ. P 8(a), a pleading must contain only a short and plain statement of the claim showing that the pleader is entitled to relief together with the demand for relief sought, including alternate forms of relief. FRCP 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "[O]rdinary pleading rules are not meant to impose a great burden upon a plaintiff." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347

---

[1] In addition to making the controlling decisions regarding Plaintiff's employment benefits, Defendant M&M is also listed on Plaintiff's paystub and tax documentation as the payor of Plaintiff's salary. Further documents are being sought in discovery which is ongoing in this case.

4

(2005). Here, M&M would have this Court review its motion as one under Rule 12(b)(6) that fails to state a claim under which relief may be granted; but it is in fact, an argument against subject matter jurisdiction over M&M under Rule 12(b)(1).

In evaluating a FRCP 12(b)(1) motion to dismiss, the Court may look beyond the pleadings to determine whether there is subject matter jurisdiction over a party. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Further, in a challenge under Rule 12(b)(1), the motion to dismiss must either be asserting a facial challenge or a factual challenge to the Court's jurisdiction. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S. Ct. 358, 66 L.Ed.2d 217 (1980)). A facial challenge to the Court's jurisdiction is one where the Defendant challenges the sufficiency of the pleading. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014). Conversely, a factual challenge is a challenge to the court's very power to hear the case. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Although M&M's challenge in its motion argues that Plaintiff has failed to plead facts essential to exercising this Court's subject matter jurisdiction over Defendant as a party, it actually makes a factual challenge to this Court's jurisdiction, arguing that Plaintiff *cannot* allege any facts showing that it is Plaintiff's Employer in order to bring Defendant under the jurisdiction of this Court. DE 9, M&M MTD at 2, 5, 9. Therefore, introducing evidence beyond the Complaint's allegations to rebut Defendant M&M's factual

5

arguments does not convert the motion to one for summary judgment. *Lawrence*, 919 F.2d at 1529.

When ruling on a Rule 12(b)(6) motion to dismiss, the inquiry is whether the complaint has plead "enough facts to state a claim to relief that is plausible on its face." *EEOC v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019) (internal citations omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to make an inference that the defendant is liable for alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement…" *Id*. A court must accept "the facts alleged in the complaint as true" and draw "all reasonable inferences in the plaintiff's favor." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). A "motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Davis v. Walmart, Inc.,* No. 8:24-cv-2389-TPB-SPF, 2025 U.S. Dist. LEXIS 103691, at *3 (M.D. Fla. June 2, 2025), quoting *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC,* 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). "A grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim, and, in the absence of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of

discretion." *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307-08 (11th Cir. 1983); *see also Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (explaining that leave to amend should be granted "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted").

## ARGUMENT

Stated simply, M&M, prior to the filing of its motion before this Court, self-identified in writing directed to Plaintiff as Plaintiff's Employer. Although Defendant did not specify upon which legal theory it defined itself as Plaintiff's Employer for many years prior to and while exercising control over Plaintiff during his employment termination, Defendant should be estopped from claiming otherwise now in order to avoid liability. In light of the allegations expressly pleaded in Plaintiff's Complaint, together with the facts surrounding Plaintiff's employment referenced in his Complaint as detailed above, it strains credulity that there is any question that Defendant M&M is Plaintiff's Employer under applicable law pertaining to his claims.

A fundamental basis upon which this Court should consider whether it may exercise jurisdiction over Defendant M&M as Plaintiff's Employer is its own express identification as such. The contract of adhesion "Separation Agreement & General Release" presented to Plaintiff by Defendants in this case on the day of his termination expressly states that Morgan & Morgan, P.A. is a party to the employment-based agreement and together with "all other Morgan & Morgan law firm entities" is the

"Employer" of Plaintiff. **Exhibit A** at ¶¶ 4, Attachment. Additionally, Defendant's Principal John Morgan has personally exercised employer authority multiple times over Plaintiff directly, including to resolve a restoration of PTO and authorize an individual bonus, and also over at least one former colleague at the same Jacksonville, Florida office of the firm, as detailed above. The fact that the separation agreement and Release refers to specific entities interchangeably indicates that they function as a single integrated enterprise, by Defendants' own express admissions prior to Plaintiff's filing of his claims before this Court. Nonetheless, should this Court determine that these specific facts regarding Defendants' own self-identification as an Employer must be included in Plaintiff's allegations, it is proper to grant Plaintiff leave to amend his Complaint, rather than to dismiss under Rule 12(b). *Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001) (per curiam); *Corsello*, 428 F.3d at 1012.

Even if this Court reviews Defendant's motion under a Rule 12(b)(6) standard, its arguments that Plaintiff has asserted no facts sufficient to demonstrate that it is an Employer under any legal theory fail. While it is premature prior to the completion of discovery to require that Plaintiff prove the precise relationship among Defendants and to employee Plaintiff, the facts as already present in the Complaint are sufficient to show that M&M is liable as an employer to Plaintiff as an integrated enterprise (DE 9, M&M MTD uses "single employer") or joint employer with co-Defendant Morgan & Morgan, Jacksonville, PLLC ("MM Jacksonville"). *Davis*, 2025 U.S. Dist. LEXIS 103691, at *3 ("motion to dismiss should concern only the complaint's legal

8

sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case.") (internal citations omitted).

Contrary to Defendant M&M's motion assertions, Plaintiff has presented sufficient facts, taken as true and drawing all inferences therefrom in his favor, to demonstrate that it is in an integrated enterprise or a "single employer" with co-Defendant. Plaintiff has alleged that the Principal of M&M, John Morgan, has exercised his employment authority directly to terminate the employment of Plaintiff's colleagues in Jacksonville, set firm-wide (all branch offices including Jacksonville) employment policies pertaining to Covid-19 remote work and vaccination with enforcement authority of adverse financial action of termination, and authorize individual bonus payments to Plaintiff. See Compl. ¶¶ 12, 23-24, 27-32, 31 ftnt 1. These facts demonstrate that M&M management decisions regarding all-employee policies as well as individual employee payments provide a type of centralized control over labor relations and with respect to compensation and benefits, and these must be enforced across other branch firms like co-Defendant MM Jacksonville. See *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341-42 (11th Cir. 1999) (applying the "NLRB test" to define employers under Title VII); *Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998) (an "essential condition to the existence of an employer-employee relationship" is some financial benefit obtained by the employee).

In similar fashion, Plaintiff's Complaint allegations are sufficient at the motion to dismiss stage to meet the Eleventh Circuit's test to plead that M&M is at least a joint

9

employer with Defendant MM Jacksonville. *Layton v. DHL Express United States*, 686 F.3d 1172 (11th Cir. 2012) (referencing *Aimable v. Long & Scott Farms*, 20 F.3d 434, 437 (11th Cir. 1994)). Defendant argues that Plaintiff has failed to show Defendants "act[ing] in concert" with regard to his "total employment situation," including initiation and termination of his employment, his compensation, and the employment policies that "regulat[e] his work environment." DE 9 M&M MTD at 8. This assertion flatly denies the actual allegations of the Complaint. Plaintiff has alleged that Defendant M&M through its principal John Morgan specifically acted with the Jacksonville office to provide him bonus payments and restore PTO and design and enforce policies specifically as against Plaintiff regarding his "work environment" related to in-person, in-office or remote work and Covid-19 masking and vaccination policies which carried the discipline of termination. Indeed, Plaintiff alleged that his colleague in the Jacksonville office was terminated from her employment by John Morgan directly under his Covid-19 policies promulgated for the entire nation-wide firm. See Compl. ¶¶ 12, 21-37, 38-40, 42-44, 49-51, 55-60, 66-67, 78-83, 93, 104-108, 115.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Morgan & Morgan, P.A.'s motion to dismiss Plaintiff's claims against it. Plaintiff further seeks the costs incurred in the defense of this motion, in light of Defendant M&M's knowledge of its own self-identification as Plaintiff's employer and

the ample facts to demonstrate Defendant's role as Plaintiff's Employer under the applicable statutes. Should this Court instead find any deficit in Plaintiff's Complaint allegations, Plaintiff respectfully requests of this Court not to dismiss any claims with prejudice, but provide Plaintiff leave to amend or to file a motion to amend his Complaint to incorporate the facts as set forth herein.

Dated: June 6, 2025

          Respectfully submitted,

          /S/Rachel L.T. Rodriguez
          Rachel L.T. Rodriguez, Esq.
          Florida Bar No. 110425
          VIRES LAW GROUP, PLLC
          515 N. Flagler Dr., Ste 350
          West Palm Beach, FL 33401
          E-mail: rrodriguez@vireslaw.group
          Phone: 561-370-7383

          *Attorney for Plaintiff*