# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| JAMES GORDON,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN & MORGAN, P.A., and MORGAN & MORGAN, JACKSONVILLE, PLLC,<br><br>Defendants. | CASE NO.: 3-25-cv-00203 |

## DEFENDANT MORGAN & MORGAN, P.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

After the parties' agreed-upon deadline to amend pleadings passed on June 16, 2025, Plaintiff James Gordon ("Plaintiff") has now moved for leave to file an Amended Complaint ("Motion for Leave") (DE 33) as a do-over at trying to plead facts establishing that Morgan & Morgan, P.A.—one of the two named defendants in this case—was his employer. Plaintiff had ample opportunity to amend his Complaint either as a matter of course under Fed. R. Civ. P. 15(a)(1)(B) or before the amendment deadline to try to plead an employment relationship, but failed to do so, without any good cause. As set forth more fully below, Morgan & Morgan, P.A. opposes Plaintiff's Motion for Leave because (1) Plaintiff has offered no "good cause" under Fed. R. Civ. P. 6(b)(1)(B) for moving to amend his Complaint after the

amendments deadline has passed; (2) it is merely an eleventh-hour attempt to avoid an unfavorable ruling on Morgan & Morgan, P.A.'s fully-briefed and pending Motion to Dismiss; (3) Plaintiff's delay in trying to "plead" an employment relationship with Morgan & Morgan, P.A. by essentially asking the Court to infer it from the exhibits will unduly prejudice Morgan & Morgan, P.A.; and, in any event, (4) the amendment would be futile as Plaintiff cannot plausibly plead an employment relationship with Morgan & Morgan, P.A. under the federal pleading standard.

## PROCEDURAL BACKGROUND

1. On February 27, 2025, Plaintiff filed a four-count Complaint against both Morgan & Morgan, Jacksonville, PLLC and Morgan & Morgan, P.A., alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Florida Civil Rights Act of 1992 ("FCRA") (DE 1).

2. Clearly aware of any alleged facts establishing that Morgan & Morgan, P.A. was his alleged employer at the time he filed his original Complaint, Plaintiff failed to plausibly (or at all, for that matter) plead an employment relationship between himself and Morgan & Morgan, P.A.

3. On May 5, 2025, Morgan & Morgan, P.A. moved to dismiss Plaintiff's Complaint as to that entity pursuant to Fed. R. Civ. P. 12(b)(6), due to Plaintiff's failure to plead an employment relationship—a threshold and requisite element of

all of Plaintiff's claims. (DE 9.)

4. Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff had the right to "amend [his] pleading once as a matter of course . . . , if the pleading is one to which a responsive pleading is required, . . . 21 days after service of a motion under Rule 12(b)." Plaintiff did not file an amended complaint within the allotted twenty-one days after Morgan & Morgan, P.A.'s filing of its motion to dismiss to try to cure his pleading deficiencies. Instead, Plaintiff opposed Morgan & Morgan, P.A.'s motion, causing Morgan & Morgan, P.A. to have to move for leave to file a reply and, once granted, to reply to Plaintiff's opposition. (DE 24, 29.)

5. On May 28, 2025, the parties filed a case management report, agreeing on June 16, 2025, as the deadline for the parties to amend their pleadings. (DE 19, at p 2.) On June 4, 2025, the Court entered a Case Management & Scheduling Order, adopting the parties' agreed-upon amendments deadline. (DE 21 at Section 1 ("If other deadlines have been agreed to, requested, and outlined in the Case Management Report, those deadlines are controlling between the parties . . . .").)

6. Plaintiff did not try to amend his Complaint by the June 16, 2025, amendments deadline. Now that Morgan & Morgan, P.A.'s Motion to Dismiss is fully-briefed and pending the Court's resolution, Plaintiff has decided to move to amend.

3

7.  However, Plaintiff's proposed Amended Complaint pleads <u>no</u> new factual allegations concerning an employment relationship between Plaintiff and Morgan & Morgan, P.A. (*Compare* DE 1 *with* DE 33-1.) Plaintiff has simply attached a few exhibits to the back of the proposed Amended Complaint, presumably, hoping that the Court would infer from them an employment relationship. (DE 33-2.) Specifically, Plaintiff has attached:

a.  Several paystubs and tax forms issued to Plaintiff by various employer entities over a period of twenty years, including "Morgan Colling & Gilbert" (years 2002 and 2004, DE 33-3 at PageID 247-248); "The Morgan Firm PA" (years 2005-2006, DE 33-3 at PageID 242, 249); "Morgan & Morgan" (year 2010, DE 33-3 at PageID 243-244); and "Morgan & Morgan Jacksonville Management" (years 2021-2022, DE 33-3 at PageID 245-246, 250-251). None support that "Morgan & Morgan, P.A." was Plaintiff's employer.

b.  A draft (confidential) Separation Agreement & General Release offered to Plaintiff's upon the termination of his employment[1] (DE 33-3 at PageID 265-267). For the purpose of releasing any potential legal claims, the draft agreement indicates that it is made between Plaintiff and "Morgan & Morgan,

---

[1] Plaintiff could have filed a copy of the draft Separation Agreement & General Release under seal pursuant to L.R. 1.11 of this Court or, at a minimum, offered it to the Court for *in-camera* review; instead, he chose to engage in potentially sanctionable conduct of simply filing a confidential agreement on the public docket. *E.g.*, *Drummond v. Zimmerman*, 454 F. Supp. 3d 1207, 1210 (S.D. Fla. 2020) (quoting from draft pre-suit mediation agreement in complaint and attaching copy as exhibit sanctionable; awarding sanctions).

Jacksonville, PLLC, Morgan & Morgan Jacksonville Management, Inc., Morgan & Morgan P.A., and all other Morgan & Morgan law firm entities."

c. Duplicate Plaintiff James Gordon's Declarations (DE 33-2, 33-3 at PageID 237-241), in which Plaintiff discusses, in part, John Morgan's alleged actions with respect to him and others over the years, arguing Mr. Morgan was responsible for making firm-wide policy decisions.

d. A handful of emails sent and received by various individuals concerning a discrepancy around Plaintiff's PTO payouts (DE 33-3 at PageID 252-264).

None of the attachments are sufficient, even when considered in tandem, to meet the pleading standard for an employment relationship.

8. The Court should deny Plaintiff's Motion for Leave because (1) Plaintiff has not offered any "good cause" for moving to amend his Complaint after the amendments deadline has passed; (2) it is merely an eleventh-hour attempt to avoid an unfavorable ruling on Morgan & Morgan, P.A.'s fully-briefed and pending Motion to Dismiss; 3) Plaintiff's delay in trying to "plead" an employment relationship with Morgan & Morgan, P.A. by essentially asking the Court to infer it from the exhibits will unduly prejudice Morgan & Morgan, P.A.; and, in any event, (4) the amendment would be futile as Plaintiff cannot plausibly plead an employment relationship with Morgan & Morgan, P.A. under the applicable pleading standard.

## MEMORANDUM OF LAW

### I.   Amendment Standard

Fed. R. Civ. P. 6(b) allows the Court—"for good cause"— to extend a Court-ordered deadline "on motion made after the time has expired if the party failed to act because of excusable neglect" for its tardiness. Fed. R. Civ. P. 6(b)(1)(B). A movant's failure to offer "good cause" is grounds for denying the motion. *E.g.*, *Saewitz v. Lexington Ins. Co.*, 133 F. App'x 695, 700 (11th Cir. 2005) (upholding district court's denial of motion to amend for failure to establish good cause due to lack of diligence); *Stephens v. Georgia Dept. of Transp.*, 134 F. App'x 320, 322 (11th Cir. 2005) (upholding district court's denial of motion to amend complaint where plaintiff's proffered reason was insufficient to establish good cause).

District courts have broad discretion to determine whether to grant leave to amend a complaint. *Laurie v. Ala. Court of Crim. Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Although "leave to amend . . . 'shall be freely given when justice so requires,'" "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are "[s]ubstantial reasons" that justify denial of such a motion. *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II. Plaintiff Did Not Offer <u>Any</u> "Good Cause" for Moving to Amend His Complaint After the Amendments Deadline

The parties' deadline to amend their pleadings passed on June 16, 2025.[2] Because Plaintiff moved to amend his Complaint after the Court-adopted deadline, Plaintiff was required to offer "good cause" to the Court for why he failed to act timely. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff offered no such "good cause."

Plaintiff's proposed Amended Complaint contains <u>no</u> new factual allegations. Plaintiff's attempt to "plead" an employment relationship between himself and Morgan & Morgan, P.A. consists of him basically asking the Court to infer information supporting an employment relationship from the exhibits Plaintiff has attached to his proposed pleading. (*See* DE 33-3, 33-3.) Plaintiff had these same exhibits in his possession all along and at the time of filing his initial Complaint.[3] In fact, Plaintiff attached some of the same documents as exhibits to his Opposition to Defendant's Morgan & Morgan, P.A.'s Motion to Dismiss filed on June 6, 2025— <u>before</u> the amendments deadline of June 16. (*See* DE 22-1, 22-2.)

---

[2] Plaintiff claims that "[t]he deadline for amendment of pleadings was not set by this Court but agreed among the parties under the Case Management Report." (DE 33.) Contrary to Plaintiff's allusion that he had no deadline by which he had to move to amend his Complaint, the Court expressly adopted the parties' agreed-upon amendments deadline as part of its Case Management & Scheduling Order. (*See* DE 21 at Section 1 ("If other deadlines have been agreed to, requested, and outlined in the Case Management Report, those deadlines are controlling between the parties . . . .").)

[3] Plaintiff has not yet served a request for production on Defendant, and, therefore, Defendant has not produced any documents to Plaintiff, to date.

Plaintiff failure to move to amend the Complaint timely while in possession of the information he needed to move to amend demonstrates a lack of diligence rather than "good cause." "Eleventh Circuit jurisprudence dictates a finding that [Plaintiff] has not shown good cause in this case." *Yellow Pages Photos, Inc. v. Dex Media, Inc.*, No. 8:18-CV-1872-T-36AEP, 2020 WL 9597203, at *3 (M.D. Fla. Sept. 25, 2020) (citing *Harris v. Reverse Mortg. Sols. Inc.*, 800 F. App'x 708, 712 (11th Cir. 2020) (finding that Shirley did not demonstrate good cause for modifying the scheduling order and reasoning there was simply no reason Shirley could not have added another defendant in the third amended complaint because it was apparent from the third amended complaint that Shirley already knew all the relevant facts); *Robertson v. Interactive Coll. of Tech./Interactive Learning Sys., Inc.*, 743 F. App'x 269, 273 (11th Cir. 2018) (finding that plaintiff did not allege due diligence in attempting to obtain the information in his amended complaint, even though it appeared the facts with which the plaintiff wished to amend his complaint were known to him at the time he filed his initial complaint); *Callwood v. Jones*, 727 F. App'x 552, 557 (11th Cir. 2018) (plaintiff could not meet good cause standard because she had the information to support her additional claim before the deadline to amend); *Diaz v. Burchette*, 585 F. App'x 968, 969–70 (11th Cir. 2014) (good cause was not shown for leave to amend where information sought to be included in the amended pleading was known to plaintiff prior to filing her original complaint).

8

### III. Plaintiff's Amended Complaint Is an Eleventh-Hour Attempt to Avoid an Adverse Ruling on Morgan & Morgan, P.A.'s Fully-Briefed Motion to Dismiss

Plaintiff's proposed amendment is nothing but an eleventh-hour attempt to avoid the impending ruling on Morgan & Morgan, P.A.'s fully-brief and pending Motion to Dismiss. Plaintiff received a fair opportunity to amend the Complaint both as a matter of course within twenty-one days after Defendant's filing of its Motion to Dismiss, and later, before the running of the June 16, 2025, amendments deadline. Instead, Plaintiff opposed Morgan & Morgan, P.A.'s Motion to Dismiss, and is now attempting to avoid a potentially unfavorable result by moving to amend his Complaint at the last minute.

The purpose of a motion to dismiss is to "expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of civil cases." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1342 (3d ed. 2004). Testing the formal sufficiency of the statement of the claim for relief found in a plaintiff's complaint is the very purpose for Fed. R. Civ. P. 12(b)(6). *Goncalves v. Chamberlin Raper*, No. 6:15-CV-7-ORL-40GJK, 2016 WL 231211, at *1 (M.D. Fla. Jan. 15, 2016). As a result, courts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions. *See, e.g., Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.*, 853 F.2d 1139, 1149 (4th Cir. 1988) (affirming denial of a

9

motion to amend in part because "the proposed amendment appears to have been an after-thought by appellant, possibly prompted only by the concern that it would lose on the summary judgment motion"); *Moise v. Convergent Outsourcing, Inc.*, No. 24-CV-24052, 2025 WL 253417, at *1 (S.D. Fla. Jan. 21, 2025) (noting that the plaintiff moved to amend her complaint "apparently trying to circumvent the Motion to Dismiss"); *Stein v. Disc. Bd. of S. Ct. of New Mexico*, No. CIV-04-0840 JB/DJS, 2006 WL 4079022, at *1 (D.N.M. May 31, 2006) (D.N.M. May 31, 2006) (a motion for leave to amend should not be used to circumvent summary judgment); *Goewey v. United States*, 886 F.Supp. 1268, 1284–85 (D.S.C. 1995) (denying plaintiffs' motion to amend because the "[p]laintiffs' attempt to amend their complaint now . . . appears to be an eleventh hour attempt to evade a grant of summary judgment"). In *Googerdy v. N. Carolina Agr. and Tech. State U.*, the plaintiff moved to amend his complaint while a motion to dismiss was pending. 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005). The court declined to allow the plaintiff to amend "simply to defeat Defendant's motion to dismiss":

> Plaintiff, as master of the lawsuit, must assert appropriate claims against proper parties in a timely manner or suffer dismissal. To allow amendment each time a complaint is challenged would wreak havoc on the judicial system by adding substantial delay and undermining the Federal Rules of Civil Procedure.

*Id.* Because Plaintiff's attempt to amend his Complaint after Morgan & Morgan, P.A.'s potentially dispositive Motion to Dismiss has already been fully-briefed and is pending, the Court should reject Plaintiff's attempt to amend the complaint.

### III. Plaintiff's Motion for Leave Should Be Denied Also Because Plaintiff's Undue Delay in Seeking this Amendment Will Prejudice Defendant

"[A] motion to amend may be denied on numerous grounds such as undue delay [or] undue prejudice to the defendants." *Carter v. HSBC Mortg. Servs.*, 622 F. App'x 783, 786 (11th Cir. 2015) (quotation marks omitted) (citing *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013)). Plaintiff knew of his intention to pursue claims against Defendant Morgan & Morgan, P.A. as early as the filing of his original Complaint as Plaintiff had in possession all the documents he now has attached to his proposed Amended Complaint in order to try to "plead" an employment relationship. (*See* DE 33-2, 33-3.) "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." *Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (citation omitted). This is precisely the case here, and the Court should find undue delay.

## IV. Amendment Would Also Be Futile

A district court may properly deny leave to amend the complaint when such amendment would be futile. *Wedemeyer v. Pneudraulics, Inc.*, 510 F. App'x 875, 878 (11th Cir. 2013). The Eleventh Circuit has stated that "denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citing *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)); *see also Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't*, 558 F. App'x 919, 924 (11th Cir. 2014) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." (quotations omitted)). In this case, Plaintiff's proposed amendment would be futile because Plaintiff has made no new factual allegations supporting an employment relationship between himself and Morgan & Morgan, P.A. in his proposed Amended Complaint, and the exhibits Plaintiff has attached to his proposed pleading likewise do not "plead" any employment relationship.

Presumably, Plaintiff purports to demonstrate to the Court that Morgan & Morgan, P.A. was his employer by virtue of being one of the entities included in the definition of "Employer" in the draft Separation Agreement & General Release falls flat. (DE 33-3, PageID 265-267.) Specifically, the agreement includes Morgan & Morgan, Jacksonville and Morgan & Morgan, P.A., Morgan & Morgan Jacksonville

12

Management, Inc., and "all other Morgan & Morgan law firm entities" in the definition of "Employer" for purposes of the agreement and general release. If this argument, unsupported by legal authority, is to be credited any weight, then Plaintiff was at the same time employed also by "all other Morgan & Morgan law firm entities" around the country, which underscores the absurdity of Plaintiff's position. When testing the sufficiency of pleading the "employer" element for purposes of holding an entity liable, courts focus on the questions of control and commonality of management and ownership, rather than the definition of the "Employer" in inadmissible settlement documents. *E.g., Pavlovsky v. WingHouse XI, LLC*, No. 6:12-CV-1711-ORL-28, 2013 WL 935322, at *4 (M.D. Fla. Feb. 19, 2013) (analyzing sufficiency of allegations of joint employment in FLSA action by applying control factors; dismissing complaint as against movants notwithstanding arbitration agreement including them in definition of "Employer").

Further, Plaintiff's attachment of various paystubs and tax forms issued to Plaintiff from 2002 to 2022 (DE 33-3 at PageID 243-251), at most, show that Plaintiff was employed by various legal entities over a period of twenty years—including "Morgan Colling & Gilbert," "The Morgan Firm PA," "Morgan & Morgan," and "Morgan & Morgan Jacksonville Management." None, however, show that "Morgan & Morgan, P.A." was Plaintiff's employer. The remaining documents—duplicate declarations (DE 33-2, 33-3 at PageID 237-241) and some

13

emails sent by various individuals concerning an issue around Plaintiff's PTO (DE 33-3 at PageID 252-264), presumably show that Mr. Morgan took certain actions with respect to him and others over the years or assisted in the resolution of Plaintiff's PTO issue—none plausibly "plead" that "Morgan & Morgan, P.A." was Plaintiff's employer.

WHEREFORE, on the basis of the foregoing, Defendant Morgan & Morgan, P.A. respectfully requests that the Court deny Plaintiff's Motion for Leave to File Amended Complaint.

Respectfully submitted,

**FORDHARRISON LLP**

*/s/ Viktoryia Johnson*
Luis A. Santos
*LEAD COUNSEL*
Florida Bar Number 84647
lsantos@fordharrison.com
Viktoryia Johnson, B.C.S.
Florida Bar No. 125545
vjohnson@fordharrison.com
401 East Jackson Street, Suite 2500
Tampa, FL 33602-5133
T: (813) 261-7800 : (813) 261-7899

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send a notice of electronic filing to:

> Rachel L.T. Rodriguez, Esquire
> Vires Law Group, PLLC
> 515 N. Flagler Dr., Suite 350
> West Palm Beach, FL 33401
> rrodriguez@vireslaw.group
> ***Attorneys for Plaintiff***

>> /s/ Viktoryia Johnson
>> Attorney

WSActiveLLP:114430952.3 - 7/24/2025 11:11 AM